HILL, Circuit Judge,
concurring:
With lack of enthusiasm, I concur.
This is the third appearance of this case in this court. All three appeals have tested the legality of the Bordons’ sentences. This third appeal follows two prior vacations and remands. Today we affirm that the Bordons’ sentences were lawfully imposed.
Yet, ironically, after the third appeal was filed in this court, the Supreme Court held that sentences such as these were unlawful. United States v. Booker, — U.S. -, 125 S.Ct. 738, 764, 160 L.Ed.2d 621 (2005). In supplemental authority and at oral argument, the Bordons offered Booker as support that they were unlawfully sentenced.
Based upon the doctrine of stare decisis, I am convinced that our court is correct in holding that the Bordons cannot now bring Booker to our attention. The Bordons should have claimed relief under Booker— before Booker was decided!
For this precedent I am sorry. I confess that this feeling has long and deep roots. See McGinnis v. Ingram Equip. Co., Inc., 918 F.2d 1491, 1498-1501 (11th Cir.1990) (Hill, J., dissenting). In McGin-nis, I probably said all that I needed to say on this subject. I won’t repeat it here. Id.
I should like to think that a court would want to correct an erroneous sentence of incarceration — if an efficient and prudential method could be devised to do so. We must feel that we cannot. Yet, the other circuits in this country seem to be doing so — and surviving!
We hold steadfastly to our precedent. That is worthwhile conduct and procedure. *1209 Stare decisis is an important doctrine. But I trust that, from time to time, it might be tempered with fiat justitia mat coelum-[1]
I reluctantly concur.

. Let justice be done though the heavens will fall.
In Hampton v. City of Jacksonville, Fla., et al., 304 F.2d 320, 330 (5th Cir.1962), Chief Judge Tuttle quoted Justice Logan Bleckley of the Supreme Court of Georgia in Ellison v. Georgia R.R. & Banking Co., 87 Ga. 691, 696, 13 S.E. 809 (1891), as follows: "When an error ... competes with truth in the struggle for existence, the maxim for a supreme court, — supreme in the majesty of duty as well as in the majesty of power, — is not stare decisis, but fiat justitia ruat coelum."